**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO: 3:16-cr-54-J-32MCR

MIGUEL SANDOVAL  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

_____

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

   ☒ FACTORS CONSIDERED

Defendant Miguel Sandoval is a 39-year-old inmate incarcerated at Fort Worth FMC, serving a 75-month term of imprisonment for conspiracy to distribute one kilogram or more of heroin. (Doc. 60, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on December 29, 2021. Defendant seeks compassionate release because of the Covid-19 pandemic and because he has

---

[1] Defendant submitted requests for compassionate release to the warden of his facility on July 1, 2020, July 29, 2020, August 4, 2020, and again on August 28, 2020. (Doc. 70-2 at 2-9). The Court concludes that Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

Stage 3 chronic kidney disease, type 1 and type 2 diabetes, hypertension, and vitamin D deficiency. (Doc. 70, Motion).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

While the record supports Defendant's asserted underlying conditions (Doc. 70-1, Medical Records), Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release, 18 U.S.C. § 3582(c)(1)(A). According to the Centers for Disease Control (CDC), two of those conditions – chronic kidney disease and Type 2 diabetes – increase the risk of severe infection from Covid-19. Notably however, Defendant has already contracted, and recovered from, coronavirus. According to the medical records, Defendant tested positive for Covid-19 in May 2020. (Doc. 70-1 at 14, 27-33). During his illness, Defendant reported fever, chills, cough, and body aches, but no shortness of breath or chest pain. (Id. at 27). Defendant was seen and treated by medical staff, and by the end of June 2020, he had twice tested negative for the virus. (Id. at 2, 23).

The parties dispute whether Defendant is now immune to Covid-19 or whether he is susceptible to reinfection. (Doc. 71, Response at 5-6; Doc. 74, Reply at 5-7). Early data suggests that reinfection is possible, but that it is rare, with fewer than five cases of reinfection confirmed out of 38 million Covid-19 infections globally.[2] But whether or not Defendant might be susceptible to reinfection, his recovery is significant because it demonstrates his ability to withstand and recover from Covid-19. As such, the Court concludes that, accounting for Defendant's conditions, Covid-19 is not a justification for compassionate release.[3]

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant was convicted of conspiring to distribute more than one kilogram of heroin. Specifically, Defendant was accountable for at least 4.5 kilograms of heroin, plus one kilogram of fentanyl. (Doc. 54, Presentence Investigation Report [PSR] at ¶ 25). As the United States argues: "Heroin distribution puts society at risk. Opioid use has led to record numbers of overdose deaths. According to Florida Department of Health statistics, opioid deaths jumped in Duval County from 230 in 2015 to 460 in 2016 [the year of Defendant's offense]." (Doc. 71 at 19). Moreover, Defendant's BOP disciplinary record

---

[2]   "Coronavirus Reinfections are Real, but Very, Very Rare," Oct. 13, 2020. https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html.

[3]   The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

is troubling. As recently as July 1, 2020, Defendant was sanctioned for assaulting a fellow inmate without serious injury. (Doc. 70-6, BOP Disciplinary Record at 2). Additionally, he has been sanctioned for possessing a syringe for the use of suboxone and possessing drugs or alcohol. (Id. at 2-3). According to his BOP Progress Report, Defendant's "overall adjustment at FMC Forth Worth, Texas, has been poor. His unwillingness to program and frequent disciplinary issues cause for [sic] several interruptions in his incarceration. He still needs drug abuse programming and needs to maintain clear conduct so he can accomplish these critical tasks." (Doc. 74-1 at 4). In view of all the § 3553(a) factors, reducing Defendant's sentence would not be consistent at this time with the statutory purposes of sentencing.

Accordingly, Defendant Miguel Sandoval's Motion for Compassionate Release (Doc. 70) is **DENIED**.[4]

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of October, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19
Copies:
Counsel of record
Defendant

---

[4] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).